UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LIONEL BLACKMON, #375017,

        Petitioner,

v.                                                      ACTION NO.
                                                        2:09cv175

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

        Petitioner Lionel Blackmon ("Blackmon") was convicted in the Circuit Court for the County of Chesterfield on June 25, 2007 of distribution of cocaine and conspiracy to distribute cocaine. He was sentenced to a term of ten years imprisonment with six years and six months suspended. The Court of Appeals of Virginia denied Blackmon's direct appeal. The Supreme Court of Virginia refused Blackmon's petition for appeal on January 12, 2008, and denied his petition for rehearing on March 10, 2009.

        Blackmon, presently in the custody of the VDOC at the Indian Creek Correctional Center in

Chesapeake, Virginia, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 15, 2009. Blackmon's Motion to Voluntarily Dismiss Ground (1) was granted, and Ground (1) was dismissed by Order dated May 29, 2009 (Doc. 9). Respondent filed a Rule 5 Answer and Motion to Dismiss, and Blackmon filed a response. Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Blackmon asserts that the following entitle him to relief under 28 U.S.C. § 2254:

(1) [dismissed by Order dated May 29, 2009];

(2) the evidence was insufficient to establish guilt beyond a reasonable doubt;

(3) the trial court erred in admitting a lab report into evidence where the Commonwealth failed to establish the chain of custody;

(4) and, the trial court erred in failing to grant a motion to strike based on the Commonwealth's failure to timely disclose exculpatory evidence that one of the Commonwealth's witnesses had pled guilty to robbery and was awaiting sentencing.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.     Exhaustion**

In order for this Court to address the merits of Blackmon's Grounds (2) through (4), each claim must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either

on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Blackmon's Grounds (2) through (4) are exhausted because they were presented to the Virginia Supreme Court during his direct appeal of his convictions, and the Court will address these claims.

**B.      Merits – Ground (2)**

In Ground (2), Blackmon asserts that the evidence presented at trial is not sufficient to establish his guilt beyond a reasonable doubt. (Pet. at 7-8.) Specifically, he claims that the Commonwealth failed to prove evidence of a traffic stop or evidence of "buy money" seized during the traffic stop. Id. On direct appeal, the Court of Appeals of Virginia found Blackmon's assertions unpersuasive. Blackmon v. Commonwealth, Record No. 1718-07-2, slip op. at 3-5 (Va. Ct. App. April 9, 2008). And, the Virginia Supreme Court affirmed this decision when it denied Blackmon's petition for appeal. Blackmon v. Commonwealth, Record No. 081487, slip op. at 1(Va. January 12, 2009); see also Saunders v. Reynolds, 204 S.E.2d 421, 424 (Va. 1974) (acknowledging that a denial of a petition for appeal is a decision on the merits of a case).

Pursuant to 28 U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389. For the reasons which follow, the Court recommends upholding the state court's decision.

When considering a sufficiency of the evidence claim, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court must resolve any conflicts in the evidence in favor of the prosecution. Id. at 323. The evidence presented at Blackmon's trial, as summarized by the Court of Appeals of Virginia, showed the following:

> On the evening of April 26, 2006, Joyce Curlings agreed to make a controlled drug purchase while under the supervision of Officer B.E. Davis. Officer Davis gave Curlings two twenty-dollar bills and recorded their serial numbers. The officer listened to telephone conversations between Curlings and another individual. Joseph Cullerton met Curlings at a pay telephone at an Exxon gas station. He placed a Marlboro cigarettes package near the telephone. Curlings took the package and gave Cullerton the money. Curlings immediately took the package to Officer Davis. Inside the package, the officer found a plastic baggie that contained a white substance. The scientific analysis revealed the white substance was cocaine.
>
> After the drug purchase was made, Officer Davis followed Cullerton to a trailer park. About ten to fifteen minutes later, the officer saw appellant drive into the trailer park. After appellant exited the trailer park, the officer effected a traffic stop. Upon a search of appellant's person, the officer recovered two twenty-dollar bills in appellant's

>front pants pocket. Both bills had the same serial numbers as the bills the officer supplied to Curlings to purchase cocaine.
>
>Cullerton testified that he "delivered some cocaine for [appellant]" to a lady at the Exxon gas station. The lady gave him the money for the drugs, and he returned the money to appellant, Cullerton explained.

Blackmon, Record No. 1718-07-2, slip op. at 4-5.

The Virginia Court of Appeals applied the correct standard when denying Blackmon's appeal, and their decision was not contrary to, nor did it involve a involve an unreasonable application of, clearly established federal law. Blackmon, Record No. 1718-07-2, slip op. at 3-5. Therefore, the Court recommends denying Blackmon's Ground (2).

**C.      Noncognizable - Ground (3)**

Blackmon claims in Ground (3) that the trial court erred in admitting a lab report into evidence because the chain of custody was not adequately proved. In presenting his chain of custody claim to the Virginia Supreme Court, Blackmon relied entirely on Virginia law and failed to present any federal claim. Consequently, the state court relied upon Virginia law in determining that the evidence was properly submitted. Blackmon, Record No. 1718-07-2, slip op. at 1-2. Ground (3) of the present petition states in its entirety:

>Trial court erred in admitting the lab report into evidence when Commonwealth fail[ed] to establish chain of custody. Officer Davis at trial testified he did not personally deliver item to the lab. He submitted it to the property section. Officer Davis did not give the name of exactly whom he gave the evidence. The Commonwealth did not call any other witnesses to testify to the chain of custody of the evidence. The Commonwealth failed to establish every vital link in the chain of custody.

(Petition at 9.) This claim cannot be examined on habeas review because it rests solely upon an interpretation of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding, "it is not the

province of a federal habeas court to reexamine state-court determinations on state- law questions"); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (holding, "when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review").

Further, the United States Supreme Court addressed the issue of chain of custody in the recent case of Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2532 n. 1 (2009), finding:

> we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody. . . , must appear in person as part of the prosecution's case. While the dissent is correct that "[i]t is the obligation of the prosecution to establish the chain of custody," this does not mean that everyone who laid hands on the evidence must be called. As stated in the dissent's own quotation, "gaps in the chain [of custody] normally go to the weight of the evidence rather than the admissibility."

Therefore, the Court recommends that Blackmon's Ground (3) be denied.

**D.     Procedural Default – Ground (4)**

In Ground (4), Blackmon alleges the trial court erred in failing to grant a motion to strike on the grounds that the Commonwealth failed to timely disclose exculpatory evidence. Blackmon presented this claim to the Court of Appeals of Virginia, which denied the claim because Blackmon failed to preserve the issue for appeal. Blackmon, Record No. 1718-07-2, slip op. at 4.

A petitioner's federal habeas claim is procedurally defaulted when "a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal. . . ." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)(citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). The Court of Appeals found the claim

in Blackmon's Ground (4) to be procedurally defaulted under Virginia Supreme Court Rule 5A:18. The Fourth Circuit has found this rule, which prohibits claims on appeal which were not presented at trial, to be an adequate and independent state law basis for procedural default. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000). Consequently, the Court recommends that Ground (4) be denied as procedurally defaulted.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss be GRANTED, that the petition be DISMISSED, and that judgment be entered in favor of the Respondent.

Blackmon's Ground (2) should be DENIED because it was previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions apply that would allow this Court to review the claim on the merits.

Blackmon's Ground (3) should be DENID because it relies entirely on the interpretation of Virginia law and is not cognizable on federal habeas review.

Blackmon's Ground (4) should be DENIED because it was procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Blackmon has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                      /s/
                                    Tommy E. Miller
                            United States Magistrate Judge

Norfolk, Virginia
November 5, 2009

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Lionel Blackmon, #375017
Indian Creek Correctional Center
P.O. Box 16481
Chesapeake, VA 23328-6481

Karen G. Misbach, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                        Fernando Galindo, Clerk

                            By _____
                                   Deputy Clerk

                                   November    , 2009